```
         IN THE UNITED STATES DISTRICT COURT
       FOR THE SOUTHERN DISTRICT OF MISSISSIPPI
                    WESTERN DIVISION
```

JASON W. ELLARD                                           PLAINTIFF

VS.                            CIVIL ACTION NO. 5:10-CV-111-DCB-JMR

CITY OF NATCHEZ, DEWAYNE JOHNSON,
JOHN DOES I-V, AND ELVIS PRATER                          DEFENDANTS

ORDER

Before the Court is a Motion for Recusal filed by Eileen Mary Maher, attorney on behalf of her client, Elvis Prater. Docket Number [32].

1.

In support of the Motion counsel asserts that at the sentence of Dewayne Johnson the Court voiced the opinion that this defendant did not assault Jason Ellard and by so stating, implied that an assault occurred at the hands of her client, Elvis Prater. For reasons set forth herein such a suggestion is wrongheaded and/or represents a fundamental misunderstanding of the evidence presented in the two criminal trials.

2.

A Grand Jury sitting in the Southern District of Mississippi handed down a multi-count indictment against Prater, including a charge that he violated the civil rights of an individual who later was identified as Jason Ellard. Dewayne Johnson was also

indicted on several counts, including a civil rights violation as well as charges for credit card fraud.

3.

There were two trials. At the first Johnson was convicted on one credit card misdemeanor count, and the jury was unable to reach a verdict on other remaining counts. Prior to a second trial in which a jury acquitted Prater on all counts, Johnson entered a plea of guilt on a credit card conspiracy count, leading to the sentence alluded to in counsel's motion.

4.

At the Johnson sentencing the Government made a 5K1.1 Motion for a downward departure based upon Johnson's assistance at trial. Although the Government cited to Johnson's reticence and lack of forthcoming testimony, it, nevertheless, moved for the departure. In ruling upon such motion a Court must consider a number of factors including a fair assessment of the defendant's culpability, his acceptance of responsibility as well as his conduct both pre-conviction as well as post-conviction. For reasons stated at sentencing the Court did not grant the acceptance of responsibility reduction available under the Federal Sentencing Guidelines but did grant the Government's 5K1.1 motion. Precedent thereto the Court stated that the motion would not be granted if, in the opinion of the Court, defendant Johnson assaulted Jason Ellard. The Court carefully monitored the

testimony in both trials and came to the conclusion that there was absolutely no credible evidence from which any reasonable Court (or jury) could find that Johnson assaulted Jason Ellard; otherwise, the Court, as it stated, would not grant the departure.

5.

During the Prater trials defense counsel offered a two prong defense. First, counsel posited that Ellard suffered all injuries during an altercation with Prater which resulted in a face down fall to a concrete curb, causing serious injuries. Second, defense counsel suggested to the jury that if Ellard was subsequently assaulted it was at the hands of Johnson, not Prater. However, there was no credible evidence offered by the Government implicating Johnson in an actual assault nor did the Grand Jury make such a charge. Thus, with this factual background any suggestion that the Court implicated Prater at the Johnson sentencing is ill-judged.

6.

The Court recognizes, however, that the Plaintiff in this civil litigation must overcome the lesser preponderance burden than the beyond a reasonable doubt hurdle faced by the Government in the two criminal cases. In his defense, Prater could suggest to the Court and jury, as did his counsel during the two criminal trials that if an assault occurred, it was at the hands of

Johnson. This Court having come to the conclusion – as stated at the Johnson sentencing – that there was absolutely no credible evidence to implicate Johnson in an assault, the Court recognizes that in this civil litigation where a Judge is empowered with the authority to direct a verdict or grant a Rule 50 dismissal, the defendant Prater and his counsel may harbor concern that a measure of objectiveness could be compromised.  While not the case, the Court elects to avoid even the slightest appearance of partiality and therefore elects to recuse notwithstanding the injudicious conjecture set forth in the motion.

7.

A separate Recusal Order will follow.


SO ORDERED this the   22nd   day of September, 2011.


                                           s/ David Bramlette
                                    UNITED STATES DISTRICT JUDGE